Alvin **RANDALL**, Sr., administrator of the Succession of Alvin Randall, Jr., Complainant,

v.

**William A. BISSO**, Defendant.

**Civ. A. No. 8956B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

June 14, 1962.

W. K. Christovich, New Orleans, La., for plaintiff.

Charles E. Dunbar, III, and James B. Kemp, Jr., New Orleans, La., for defendant.

ELLIS, District Judge.

This matter having been submitted to the Court for decision on the pleadings and a Stipulation of Fact, and the Court having considered them and the law, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

I.

Complainant is the duly qualified and appointed administrator of the succession and estate and personal representative of his late son, Alvin Randall, Jr., and is trustee for all other potential claimants, if any; William A. Bisso, Sr., is a citizen of the full age of majority and a resident of the Parish of Orleans, State of Louisiana; William A. Bisso, Jr., is a citizen of the full age of majority and a resident of the Parish of Orleans, State of Louisiana, and is the duly appointed and qualified receiver of New Orleans Coal and Bisso Towboat Company, having been so appointed on November 4, 1949, by order of the Civil District Court for the Parish of Orleans, State of Louisiana, No. 215 460, entitled "Ott and Prados vs New Orleans Coal and Bisso Towboat Company"; and at the time of the occurrence hereinafter mentioned, the said William A. Bisso, Sr., was the owner of the Tug W. A. BISSO, and the said New Orleans Coal and Bisso Towboat Company through its receiver, William A. Bisso, Jr., was the bareboat charterer and owner *pro hac vice* of the Tug W. A. BISSO.

II.

At all times material hereto, the Tug W. A. BISSO was a documented vessel of the United States, with Official Number 253556, of 492 gross and 256 net tons, and of the registered dimension 146.3 feet in length, 29.8 feet in breadth, and 18.3 feet in depth.

III.

On or about June 17, 1956, the Tug W. A. BISSO, was lying at anchor in the harbor at Maracaibo, Venezuela, approximately 600 yards east of Los Haticos Dock. On said date, Alvin Randall, Jr.,

employed as a cook aboard said Tug W. A. BISSO, was aboard her, along with other crewmembers of the Tug W. A. BISSO. While so employed, Alvin Randall, Jr., fell and/or slipped and/or was precipitated overboard and met his death by drowning. Said incident was apparently unwitnessed and the precise circumstances under which it occurred are not definitely known.

### IV.

At the time of the occurrence above described, Alvin Randall, Jr., was employed aboard the Tug W. A. BISSO as a cook aboard the said tug, which was a vessel engaged in navigation, and as such, was the member of the crew of said vessel.

### V.

The aforesaid occurrence and resulting drowning of Alvin Randall, Jr., were in part proximately caused by negligence within the meaning and intent of the Jones Act, 46 U.S.C.A. § 688, as amended, on the part of the defendants, William A. Bisso, Sr., and William A. Bisso, Jr., Receiver, New Orleans Coal and Bisso Towboat Company, and their/or its employees.

### VI.

That as a matter of fact, Alvin Randall, Sr., complainant, individually and as the duly qualified and appointed administrator of the succession and estate and personal representative of Alvin Randall, Jr., and as trustee for all other potential claimants, if any, is entitled to recover judgment herein against defendants, William A. Bisso, Sr., and William A. Bisso, Jr., Receiver, New Orleans Coal and Bisso Towboat Company, in the amount of ONE THOUSAND SEVEN HUNDRED AND FIFTY AND NO/100 ($1,750.00) DOLLARS, for all damages and claims of any nature whatsoever which may be recovered under the facts and circumstances of this case.

### CONCLUSIONS OF LAW

### I.

This Court has jurisdiction in the premises in that Complainant, Alvin Randall, Sr., seeks recovery herein under the Jones Act, 46 U.S.C.A. § 688, as amended.

### II.

Alvin Randall, Jr., was a seaman and member of the crew of a vessel, and at the time of the incident described hereinabove, was in the furtherance of his duties as a member of the crew of said vessel; and the death by drowning described hereinabove of Alvin Randall, Jr., was proximately caused by negligence within the meaning and intent of the Jones Act, 46 U.S.C.A. § 688, as amended, on the part of defendants, William A. Bisso, Sr., and William A. Bisso, Jr., Receiver, New Orleans Coal and Bisso Towboat Company, and their/or its employees.

### III.

As a matter of law, Alvin Randall, Sr., individually and as the duly qualified and appointed administrator of the succession and estate and personal representative of Alvin Randall, Jr., and as trustee for all other potential claimants, if any, is entitled to recovery herein against Defendants, William A. Bisso, Sr., and William A. Bisso, Jr., Receiver, New Orleans Coal and Bisso Towboat Company, in the full amount of ONE THOUSAND SEVEN HUNDRED FIFTY AND No/100 ($1,750.00) DOLLARS, with interest thereon at the rate of FIVE (5%) PERCENT per annum from the entry of judgment herein until paid.

### IV.

Recovery under the Jones Act is the exclusive remedy of Complainant, Alvin Randall, Sr., individually, and as the duly qualified and appointed administrator of the succession and estate and personal representative of Alvin Randall, Jr., and as trustee for any other potential claimants, if any, to the absolute exclusion of any and all remedies, including, but not limited to, the Workmen's Compensation Law of the State of Louisiana, LSA–R.S. 23:1021 et seq.; Article 2315 of the Louisiana Revised Civil Code of 1870, LSA–C.C. art. 2315; the United States Longshoremen's and Harbor Workers'

Compensation Act, 33 U.S.C.A. § 901 et seq.; the Outer Continental Shelf Lands Act, 10 U.S.C.A. § 7421 et seq., and the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., as well as all other laws of every State of the United States and every other nation in the World, which gives no rights or remedies under the facts and circumstances of this case for the said death of Alvin Randall, Jr.